UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**THOMAS VINCENT RUX, A LIVING MAN PRESENTING SUI JURIS;**

　*Plaintiff*,

v.

**CARL ARTHUR SMART, A LIVING MAN;**

　*Defendant*.

Case No. 5:24-CV-00577-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Carl Arthur Smart's ("Smart") Motion to Dismiss *pro se* Plaintiff Thomas Vincent Rux's ("Rux") Amended Complaint. *See ECF Nos. 18*, *31*. Rux filed two Responses to which Smart filed a Reply. *ECF Nos. 32, 36, 38*. Rux also submitted two identical filings styled "Plaintiff's Final Rebuttal." *ECF Nos. 39, 40*. Upon consideration, the Court concludes Smart's Motion to Dismiss, (*ECF No. 31*), shall be GRANTED.

## BACKGROUND

This case arises out of alleged debts owed by Plaintiff Thomas Vincent Rux ("Rux"). *See ECF Nos. 1, 18*. On December 4, 2024, "because Rux failed to file an Amended Complaint as allowed by the Court or otherwise respond to Smart's Motion to Dismiss in the four months since its filing," the Court granted Defendant Carl Arthur Smart's ("Smart") initial Motion to Dismiss as unopposed. *ECF No. 17 at 2*. Subsequently, on February 24, 2025, the Court granted Rux's Motion to Reopen Case and Rux filed his Amended Complaint. *See ECF Nos. 18, 19, 24*. On March 7, 2025, Smart filed his second Motion to Dismiss now before the Court. *ECF No. 31*.

**LEGAL STANDARD**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8.

To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

As a preliminary observation, Rux's Amended Complaint is largely nonsensical. *See ECF No. 31*. To the extent Rux addresses any causes of action, he merely lists the following:

> **II. BASIS FOR JURISDICTION**
>
> FEDERAL QUESTION – VIOLATIONS
>
> §807 – False or misleading representations
> §808 – Unfair Practices
> §809 – Validation of debts
>
> 31 U.S Code §3729 – False Claims
>
> Breach of Encroachment – An intrusion on a persons territory, rights, etc.
> Trespass – To commit an unlawful injury to the person, property or rights of another, with actual or implied force or violence, especially to enter onto another's land wrongfully.
> In violation of FDCPA Regulations listed above

*Id. at 3*. Later he claims, "I am entitled to verifying and validating the debt under the Truth in Lending Act pursuant to 15 U[.]S[.]C[.] §§ 1601-1667," implicating the Truth in Lending Act, 15 U.S.C. § 1601 *et seq. Id. at 9*.

3

Given Rux's focus on alleged failure to validate his alleged debts, the Court construes Rux's Amended Complaint to allege a claim under 15 U.S.C. § 1692g of the Fair Debt Collection Practices Act (FDCPA), which provides the process for validating disputed debts. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

The FDCPA "is designed 'to eliminate abusive debt collection practices by debt collectors.'" *Watson v. Aurora Loan Services LLC*, No. 4:11-CV-00301, 2012 WL 3594233, at *7 (N.D. Tex. Aug. 21, 2012) (citing 15 U.S.C. § 1692(e)). To state a cause of action, a plaintiff must allege facts sufficient to show that "(1) [the plaintiff has] been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Hunsinger v. SKO Brenner Am., Inc.*, No. 3:13-CV-00988, 2013 WL 3949023, at *2 (N.D. Tex. Aug. 1, 2013). "Section 1692g protects consumers by allowing them to dispute a debt within a specified time-period and temporarily prevent debt collection actions until the debt is verified and that verification is sent to the consumer." *Id.* at *3 (citing 15 U.S.C. § 1692g(b)). Under § 1692g(a), a debt collector must provide the consumer with certain disclosures concerning his rights to dispute the debt or request validation of the debt within five days after its "initial communication with a consumer in connection with the collection of any debt." *See* 15 U.S.C. § 1692g(a). If the consumer disputes or requests verification of the debt, the debt collector must "cease collection of the debt . . . until the [requested information] is mailed to the consumer." *Id.* § 1692g(b). A debt collector that "engag[es] in a collection activity after the debtor has properly sought validation and the

debt has not yet been validated" will be in violation of § 1692g(b). *Hunsinger*, 2013 WL 3949023, at *3.

In his Amended Complaint, Rux presents only bare and conclusory allegations. *See ECF No. 18*. For example, Rux states Smart, an attorney for Wells Fargo Bank, N.A., "has trespassed and encroached against me on a lawsuit claiming to represent WELLS FARGO BANK, NA, without giving me the opportunity to verify and validate the alleged debt. [Smart] has provided no proof that he is not impersonating WELLS FARGO BANK, NA." *Id*. As such, Rux fails to assert any facts indicating Rux has been the object of any collection activity by Smart, Smart is a debt collector defined by the FDCPA, or Rux properly disputed or sought validation of the debt. *See* 15 U.S.C. § 1692g. The Court does not speculate on the basis of pleadings that are lacking. Thus, because Rux's limited factual allegations are insufficient to state a plausible claim for relief under Section 1692g, Smart's Motion to Dismiss this cause of action will be granted.

Smart's Motion to Dismiss will also be granted as to Rux's remaining causes of action as Rux does not provide factual content supporting them. *See ECF No. 18*. The Court specifically notes any Truth in Lending Act cause of action put forth by Rux on these facts appears to be time barred by over 20 years. *See ECF No. 15-1 at 7; ECF No. 31 at 5–6*; *Moor v. Traveler's Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) (a violation occurs at the time the loan is consummated and non-disclosure is not a "continuing violation for purposes of the statute of limitations."). Further there is "no provision of [the Truth in Lending Act] . . . that requires a response to a request for validation of debt." *Richard v. Bank of Am.*, No. 1:19-CV-05459, 2020 WL 9601850 (N.D. Ga. Dec. 2, 2020), <u>R. & R. adopted sub nom.</u> <u>Young v. Bank of Am.</u>, No. 1:19-CV-05459, 2021 WL 3073271 (N.D. Ga. Apr. 27, 2021); *E.g., Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-CV-02175, 2011 WL 13318915, at *3 (N.D. Ga. Dec. 13, 2011); *see also Wilson v. Chase Home*

*Fin.*, No. CV 11-07067, 2011 WL 5173022, at *3 (C.D. Cal. Oct. 28, 2011) ("TILA creates no requirement that a creditor respond to a request for validation of a debt.").

## CONCLUSION

Based on the foregoing, Smart's Motion to Dismiss, (*ECF No. 31*), is **GRANTED**. Rux's causes of action that may be asserted based upon the facts supporting this action are **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED** and the Clerk of Court is **DIRECTED** to terminate this case.

It is so ORDERED.
SIGNED this 2nd day of June, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE